EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| San Gerónimo Caribe Project, Inc.; Firstbank Puerto Rico, Inc. <br><br>  Apelados-Peticionarios <br><br> v. <br><br> Estado Libre Asociado de Puerto Rico, representado por el Secretario de Justicia; Junta de Planificación Certificación representada por su Presidente; Administración de Reglamentos y Permisos representada por su Administrador, Departamento de Recursos Naturales y Ambientales representado por su Secretario <br><br><br>  Apelantes-Recurridos <br><br> Hilton International of Puerto Rico, Inc.; Hotel Development Corp. <br><br>  Demandados | Certificación <br><br> 2008 TSPR 140 <br><br> 174 DPR \_\_\_\_ |

Número del Caso: CT-2007-4


Fecha: 20 de agosto de 2008


Oficina del Procurador General:

                Lcda. Maite D. Oronoz Rodríguez
                Procuradora General Interina

Materia: Certificación


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

San Gerónimo Caribe Project,          *
Inc.; Firstbank Puerto Rico, Inc.     *
                                      *
   Apelados-Peticionarios             *
                                      *
          v.                          *
                                      *
                                      *      CT-2008-04
Estado Libre Asociado de              *
Puerto Rico, representado por         *
el Secretario de Justicia;            *
Junta de Planificación                *      Certificación
representada por su                   *
Presidente; Administración de         *
Reglamentos y Permisos                *
representada por su                   *
Administrador, Departamento           *
de Recursos Naturales y               *
Ambientales representado por          *
su Secretario                         *
                                      *
   Apelantes-Recurridos               *
                                      *
Hilton International of Puerto        *
Rico, Inc.; Hotel Development         *
Corp.                                 *
                                      *
   Demandados                         *
************************************

RESOLUCIÓN

San Juan, Puerto Rico, a 20 de agosto de 2008.

     Examinada la Moción de Reconsideración presentada por el Estado Libre Asociado, se declara No Ha Lugar.

     Contrario a lo dispuesto en  la Regla 34 (d) del Reglamento del Tribunal Supremo, T. 4 Ap. XXI-A R.34 (d), dicho escrito trae ante nuestra consideración en esta etapa apelativa una prueba que no fue dilucidada por el Tribunal de Primera Instancia.

     Claramente, tanto la sentencia del foro de instancia como nuestro dictamen del pasado 31 de julio de 2008 se limitó a la controversia sobre la clasificación jurídica de los terrenos ganados al mar en el *Coast Guard Parcel* y en el *Condado Bay Parcel*. Los demás asuntos relacionados con la investigación sobre Paseo Caribe iniciada por el Estado no estuvieron ante la consideración ni del foro de instancia ni de este Tribunal en el presente caso. Nuestra decisión no impide cualquier otra acción judicial o administrativa que

proceda en derecho a la luz de los hallazgos de la mencionada investigación.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Todos los jueces intervienen por Regla de Necesidad. El Juez Presidente señor Hernández Denton emitió Voto Particular de Conformidad. La Jueza Asociada señora Fiol Matta reconsideraría parcialmente por los fundamentos expuestos en su Opinión Disidente y Concurrente, y concurre en cuanto a que la decisión tomada no impide cualquier otra acción judicial o administrativa que proceda en derecho a la luz de la investigación sobre la cual informa el Procurador General.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

San Gerónimo Caribe Project,　*
Inc.; Firstbank Puerto Rico, Inc. *
　　　　　　　　　　　　　　　*
　　Apelados-Peticionarios　　　*
　　　　　　　　　　　　　　　*
　　　　　v.　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*　　CT-2008-04
Estado Libre Asociado de　　　*
Puerto Rico, representado por　*
el Secretario de Justicia;　　*
Junta de Planificación　　　　*　　Certificación
representada por su　　　　　　*
Presidente; Administración de *
Reglamentos y Permisos　　　　*
representada por su　　　　　　*
Administrador, Departamento　　*
de Recursos Naturales y　　　　*
Ambientales representado por　*
su Secretario　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　Apelantes-Recurridos　　　　*
　　　　　　　　　　　　　　　*
Hilton International of Puerto *
Rico, Inc.; Hotel Development *
Corp.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　Demandados　　　　　　　　*
***********************************

Voto Particular de Conformidad emitido por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 20 de agosto de 2008.

Estamos conformes con la Resolución emitida por este Tribunal en la cual se deniega la Moción de Reconsideración presentada por el Estado Libre Asociado de Puerto Rico en el presente caso. No obstante, entendemos meritorio expresarnos de forma particular para hacer constar claramente nuestra posición sobre dicho escrito.

I

En primer lugar, es menester aclarar de qué trata -y de qué no trata- la controversia que tuvo ante su consideración este Tribunal y que se resolvió con finalidad en San Gerónimo Caribe Project. Inc. v. ELA, res. 31 de julio de 2008, 2008 TSPR 129. Desde el inicio de la Opinión del Tribunal, enfatizamos que la controversia a ser resuelta era, pues, si los terrenos ganados al mar en los predios del Proyecto Paseo Caribe son bienes patrimoniales o de dominio público. Esa fue la controversia de estricto derecho que estipularon todas las partes involucradas en el presente caso y el único asunto sobre el cual se presentó prueba ante el Tribunal de Primera Instancia. Como bien indica el propio Estado, la adjudicación de este asunto particular no precisaba de investigaciones posteriores, de descubrimiento de prueba adicional ni de deslindes ulteriores a los que ya existían al momento en que se estipularon los hechos y la controversia de umbral antes mencionada.

Por tanto, la **única** controversia que fue adjudicada tanto por este Tribunal como por el foro de instancia fue precisamente aquella relacionada a la clasificación de los terrenos en donde se erige el referido proyecto. En ese sentido, nuestra Opinión en San Gerónimo Caribe Project, Inc. v. ELA, *supra,* se limitó a aplicar e interpretar lo que disponía claramente la ley vigente al momento en que se ganaron al mar los terrenos del *Coast Guard Parcel* en el

1941 y del *Condado Bay Parcel* en la década de los cincuenta.[1]

La naturaleza delimitada de nuestro dictamen responde a que la Demanda en Solicitud de Sentencia Declaratoria que motivó este caso iba dirigida a los fines exclusivos de que se aclarara la incertidumbre que surgió como consecuencia de la publicación de la Opinión del Secretario de Justicia del 11 de diciembre de 2007, cuyas **conclusiones se limitaban**, precisamente, al asunto de estricto derecho sobre los terrenos ganados al mar. Fue en ese contexto que declaramos a San Gerónimo Caribe Project, Inc. (en adelante, SGCP) como titular de los terrenos en controversia. Claramente, dicha declaración se circunscribe al asunto de la clasificación jurídica de los terrenos ganados al mar, y **de ningún modo puede interpretarse como la concesión de un manto de legalidad o impunidad a favor de las múltiples transacciones jurídicas que ocurrieron en torno a esos terrenos en la década de los noventa.**

_____

[1] Todos los jueces de este Tribunal coincidieron en que por lo menos hasta 1968, el estado de derecho puertorriqueño provenía de la Ley de Puertos española de 1886 y el Artículo 22 de su Instrucción administrativa, la cual establecía un esquema privatizador de los terrenos ganados al mar que no fue alterado por la Ley Foraker, el Código Civil de 1902 ni la Ley de Puertos de 1928. Es de notar que la Opinión Disidente y Concurrente de la Jueza Asociada señora Fiol Matta concurre con la Opinión mayoritaria en cuanto al *Condado Bay Parcel*, la parcela a la que le aplica exclusivamente el derecho puertorriqueño, y difiere de la mayoría en cuanto al *Coast Guard Parcel* por entender que tan reciente como en 1991 ocurrió una afectación de la misma tras su adquisición por el gobierno de Puerto Rico.

En aquella ocasión, declaramos a SGCP como titular de los terrenos en controversia no porque validáramos tales transacciones, sino porque éste es el titular que refleja el Registro de la Propiedad en cuanto a los predios privados en controversia. Opera aquí la presunción *iuris tantum* de exactitud registral y el principio de legitimación a favor del titular inscrito en el Registro. Artículo 104, Ley Hipotecaria, 30 L.P.R.A. sec. 2354. Véase además, Luis Rafael Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da edición, 2002, pág. 183-187.

En virtud de dicha presunción, SGCP se encuentra legitimado según los asientos del Registro para actuar en el tráfico jurídico y en los procedimientos judiciales como el titular de los terrenos en controversia. Al concluir que dichos terrenos no son de dominio público de conformidad con el derecho aplicable, procedía declarar a SGCP como titular de los mismos **para los únicos fines** de resolver la demanda de sentencia declaratoria que se presentó ante nuestra consideración sobre la clasificación dominical de las parcelas rellenadas.[2]

Ahora bien, lo anterior no significa que el Estado esté impedido de presentar prueba para impugnar los derechos inscritos en el Registro de la Propiedad de

---

[2] Además, durante el transcurso del caso de autos el Estado nunca presentó prueba para impugnar la validez de los referidos asientos, más allá de elaborar una teoría novel en cuanto a la clasificación dominical de los terrenos ganados al mar.

conformidad con el Artículo 104 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2354, o los permisos concedidos por múltiples agencias administrativas mediante la acción que proceda en derecho. **De ninguna manera hemos prejuzgado la validez de las transacciones mencionadas ni la corrección de los deslindes realizados en los terrenos bajo controversia.**

A su vez, resulta innegable que el presente caso estuvo dirigido en todo momento a resolver una controversia de estricto derecho sobre la clasificación de los terrenos ganados al mar. Durante el transcurso de este litigio, en ningún momento se presentó prueba sobre error o fraude en la concesión de los permisos o en la inscripción de los asientos pertinentes en el Registro de la Propiedad. Esa realidad no impide que el Estado presente ahora un caso reivindicatorio para dilucidar tales asuntos, sino que sencillamente refleja que dichas controversias no estuvieron, ni están en este momento, ante la consideración de los tribunales del país.

En vista de ello, nos sorprende que en esta etapa del caso, mediante una Moción de Reconsideración, se presenten por primera vez alegaciones de fraude y de irregularidades en torno a las transacciones relacionadas a los terrenos en controversia. **Este caso desde su inicio hasta su adjudicación final solamente ha versado sobre la clasificación de los terrenos ganados al mar.** El propio Estado reconoce en la referida Moción que los demás asuntos relacionados con las investigaciones sobre dicho proyecto,

la posibilidad de que exista fraude y las circunstancias que rodearon los diversos negocios jurídicos nunca estuvieron realmente ante la consideración de este Foro en el presente caso.

Por ende, resulta contrario a la práctica apelativa y a la Regla 34 (d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, R.34 (d), que se utilicen tales fundamentos y se presente una prueba que no fue dilucidada ante el foro de instancia -como el Informe de Análisis Espacial de la Ingeniera Linda L. Vélez Rodríguez- en el escrito de reconsideración. Ciertamente, cualquier alegación de fraude o error en torno a la inscripción de los derechos reales y las transacciones jurídicas que ocurrieron con posterioridad a la desafectación de los terrenos rellenados se debe canalizar mediante el procedimiento judicial o administrativo correspondiente, mas no en la acción de sentencia declaratoria que dio lugar al presente caso.

## II

A modo de epílogo, conviene aclarar que nuestro dictamen en el caso de epígrafe se tomó consciente de que los bienes de dominio público marítimo terrestres son recursos naturales que gozan de protección constitucional. Véase Art. VI, Sec. 19, Const. ELA, L.P.R.A., Tomo 1. Dicha determinación **no modifica el ordenamiento vigente en lo que respecta a la zona marítimo-terrestre y las playas de nuestro país.** Sencillamente, es una decisión que le da

certeza y seguridad jurídica a ciertos terrenos que se originaron bajo el palio de un esquema administrativo que respondía a un contexto histórico diferente, pues éstos fueron rellenados a mediados del siglo pasado por el Departamento de la Marina y la Compañía de Fomento Industrial al amparo de un estado de derecho que permitía realizar tales obras a título patrimonial.[3]

Sin embargo, nuestra decisión reconoce en todo momento el carácter público de las playas y el mar litoral puertorriqueño, por lo que exige que los terrenos ganados al mar no puedan interferir con la nueva zona marítimo-terrestre que se formó bajo ese viejo régimen privatizador. Además, la Opinión reconoce que el referido esquema administrativo que permitió que tales terrenos se ganaran al mar ya perdió su vigencia en la actualidad, dado que la Ley de Puertos de 1968 —que por primera vez menciona expresamente a los terrenos ganados al mar en la definición de zona marítimo terrestre— es de aplicación prospectiva. 23 L.P.R.A. secs. 2103(n), 2111. Por consiguiente, nuestra determinación en el presente caso es cónsona con el mandato constitucional en cuanto a la protección y preservación de los bienes de dominio público marítimo terrestres.

---

[3] Como se indica en nuestra Opinión, tales obras de relleno ocurrieron en una época en la cual se utilizó esta técnica de modificación al litoral en diversas zonas históricas de Puerto Rico. Independientemente del origen o contexto sociocultural que motivó el asentamiento de estas comunidades en terrenos desecados o ganados al mar, lo cierto es que éstas se erigieron en terrenos que en algún momento estaban sumergidos y que, por tanto, formaban parte del dominio público marítimo-terrestre.

Así, pues, reiteramos que no podemos perder de perspectiva que la única controversia que se encontraba ante la consideración de este Tribunal era la naturaleza jurídica de ciertos terrenos ganados al mar **muchos años antes de que la parte demandante los adquiriera para construir el controvertible proyecto.** El Tribunal no pasó juicio sobre la corrección o la efectividad de esa política pública que permitía al Estado o a particulares realizar rellenos a título patrimonial a mediados del siglo pasado. Esa labor le corresponde exclusivamente a las ramas políticas que formularon y fomentaron dicha política desarrollista en un momento de nuestra historia, al igual que hicieron con diversos enfoques los gobiernos de Holanda y otros países del mundo. De igual modo, dicho dictamen tampoco pasó juicio de forma alguna sobre el valor estético de Paseo Caribe o su cumplimiento con los reglamentos aplicables de zonificación y uso de terrenos, pues estos asuntos no estaban relacionados con la controversia sobre la clasificación jurídica de los predios rellenados.

Como afirmamos en San Gerónimo Caribe Project v. ARPE, res. 31 de julio de 2008, 2008 TSPR 130, nada impide que de surgir información de fraude o error, o de incumplimiento con los reglamentos vigentes, tanto el Departamento de Justicia como ARPE o alguna otra agencia impugne los permisos concedidos o incluso los asientos registrales en torno a la extensión y cabida de los terrenos en

controversia. Ello, claro está, tendrá que hacerse mediante la acción legal o administrativa que proceda en derecho.

Por las razones expuestas anteriormente estamos conformes con la Resolución emitida por el Tribunal que deniega la moción de reconsideración presentada por el Estado.


                                                Federico Hernández Denton
                                                     Juez Presidente